SUCCESSION
OF
HARGIS.

## BIRD *v.* BARROW.

Where a plaintiff alleges his residence and that of the defendant to be in a particular parish, and the defendant, after a judgment by default against him, answers denying specially that the plaintiff was a resident of the same parish with himself, and setting up a claim in re-convention, evidence to prove the residence of the plaintiff to be as alleged in the answer cannot be excluded on the ground that, the exception to plaintiff's residence was a dilatory one, which should have been made *in limine litis*. *Per Curiam:* The allegation in the answer that defendant's residence was in a different parish, was not a plea interposed to retard the suit, which cannot be set up after a judgment by default; but an averment necessary to be made and substantiated, to enable the defendant, under the stat. of 20 March, 1839. sec. 7, to institute a demand in reconvention, though not necessarily connected with, or incidental to, the main cause of action. The allegation is a plea to the merits, and necessary to give jurisdiction to the court of the reconventional demand.

APPEAL from the District Court of Terrebonne, *Randall,* J. *Beatty,* for the plaintiff. *C. A. Johnson,* for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff instituted this suit upon a draft, and in his petition averred his residence, as well as that of the defendant, to be in the parish of Terrebonne. After the entry of a default the defendant filed an answer, in which he denied specially that the plaintiff was then, or at the time of filing his petition, a resident of Terrebonne, and averred that he was a resident of the parish of Lafourche Interior. He further pleaded a general denial, and claimed in reconvention from the plaintiff and one *Field, in solido,* $1,500, being the value of thirty one hogsheads of sugar delivered to *Bird* and *Field* to be transported by them as freight to *Field's* mills, and which through their carelessness and neglect were lost. On the trial in the court below he offered to prove the residence of the plaintiff to be as alleged in the answer. The evidence was objected to, on the ground that the exception to the plaintiff's residence was a dilatory plea, and should have been made *in limine litis.* The objection was sustained, and the defendant excepted to the opinion of the judge. A judgment was rendered in favor of the plaintiff for the amount of the draft, and the reconventional demand was dismissed as in case of non-suit. From the judgment dismissing the claim in reconvention the defendant has appealed.

The district judge, in our opinion, erred in rejecting the evidence offered to prove the residence of the plaintiff to be in the parish of Lafourche Interior. The 7th section of the act of 1839, p. 164. authorizes the defendant, when he resides in a different parish from the plaintiff, to institute a demand in reconvention against the latter, although such demand be not necessarily connected with, nor incidental to, the main cause of action. The allegation in the defendant's answer that the plaintiff's residence was not as averred in his petition, but was in a different parish, was not a plea interposed to retard the progress of the suit. It was necessary that the averment should be made and substantiated by proof, in order to enable the defendant to avail himself of the right accorded to him by the act of 1839, of

instituting his reconventional demand. The plea was intended to defeat the plaintiff's claim, and to enable the defendant to obtain a judgment in reconvention. When the plaintiff's residence is denied for that purpose it cannot be regarded as a dilatory exception, which the defendant is prohibited from pleading after a judgment by default, but is essentially a plea to the merits, and an averment necessary to give jurisdiction to the court of his reconventional demand.

We can only relieve the defendant from the judgment dismissing his demand in reconvention, that being the only judgment appealed from.

It is therefore ordered that the judgment of the District Court dismissing the reconventional demand of the defendant, be reversed. It is further ordered that the cause be remanded for a new trial according to law, with instructions to the district judge to permit the defendant to prove the allegations of his answer ; the plaintiff paying the costs of this appeal.